PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:20-CR-00503 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ALFONSO CHIONCHIO, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 56 and 62] |

Pending before the Court are Defendant Alfonso Chionchio's Motions for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Non-COVID).  ECF Nos. 56 and 62.  After Defendant filed his initial Motion for Compassionate Release, ECF No. 56, the Government filed a response in opposition.  ECF No. 61.  Defendant did not file a reply; he did however, file a second Motion for Compassionate Release.  ECF No. 62.  For the reasons below, Defendant's motions are denied.

## I. Background

In 2021, Defendant pled guilty to thirteen counts of distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  *See* Plea Agreement, ECF No. 42; Minutes of proceedings [non-document], dated 06/23/2021.  The drugs included methamphetamine, fentanyl, and heroin.

Based upon a total offense level of 19 and a criminal history category of VI, the advisory guidelines range was 63 months to 78 months of imprisonment.  The Court sentenced Defendant

(5:20CR503)

to a guidelines term of 63 months of imprisonment to be served concurrently for Counts 1 through 13.  *See* Criminal Judgment, ECF No. 54 at PageID #: 254.  The Court also imposed concurrent terms of three years of supervised release for Counts 1 through 13.  ECF No. 54 at PageID #: 255.  Defendant did not appeal.

Defendant is serving his prison sentence at FCI Allenwood Medium ("Allenwood Medium").[1]  Defendant avers that the Court should reduce his sentence to time served or to home confinement because his father is incapacitated and the sole caregiver for Defendant's brother who has severe paranoia and schizophrenia.  *See* Motion for Compassionate Release, ECF No. 56 at PageID #: 264; Motion for Compassionate Release, ECF No. 62 at PageID #: 280; U.S.S.G. § 1B1.13(b)(3)(C).

## II.     Legal Standard for Seeking Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or the defendant.  The Sixth Circuit has ruled that district courts must follow a "three-step test" for determining whether to grant a defendant's motion for compassionate release.  *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction.  At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13.  Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited Mar. 13, 2025).  Allenwood Medium is a medium security federal correctional institute.  Defendant's anticipated release date is September 6, 2025.

2

(5:20CR503)

>eligibility for a sentence modification and the extent of the reduction authorized. At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

Id. at 1107–08 (alterations and emphasis in original) (citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021).

The Sentencing Commission amended the policy statement in § 1B1.13 to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). Thus, district courts analyzing motions filed by prisoners after November 1, 2023 consider § 1B1.13 in their analysis. United States v. Whitworth, No. 1:23-CR-0561-4, 2023 WL 8190131, at *2 (N.D. Ohio Nov. 27, 2023) ("A new United States Sentencing Commission policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates after November 1, 2023."); United States v. Harris, No. 23-5187, 2023 WL 10294625, at *2 (6th Cir. Dec. 4, 2023) (considering the updated policy statement). As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(5).

Furthermore, a defendant is eligible to seek compassionate release from a court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his

3

(5:20CR503)

behalf or thirty days have elapsed since requesting that the warden of his facility initiate such action. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").

### III. Discussion

I. First Motion for Compassionate Release

Defendant filed his initial Motion for Compassionate Release in February 2024. ECF No. 56. In the Motion, he requested a sentence reduction or home detention to care for his incapacitated father. In his motion, Defendant avers that his father has stage four cirrhosis of the liver and is bedridden. ECF No. 56 at PageID #: 264. The only other family member available is his brother who has been deemed incompetent by a court in Portage County due to paranoia and schizophrenia. ECF No. 56 at PageID #: 264. Defendant avers that his father has no one to care for him, and that his brother is incompetent to care for his father. ECF No. 56 at PageID #: 264. Defendant was appointed counsel and counsel did not supplement the motion. *See* Notice, ECF No. 60.

The Government responded that the motion was moot because Defendant's requested relief had been granted. On May 13, 2024, Defendant was placed in home confinement after completion of time at a residential reentry center. *See* Response to 56 Motion, ECF No. 61-1 at PageID #: 274. His anticipated release was August 11, 2024. ECF No. 61-1 at PageID #: 274.

Because Defendant was granted home confinement shortly after his first Motion was filed, the Court denies the motion (ECF No. 56) as moot.

4

(5:20CR503)

### II. Second Motion for Compassionate Release

After being reincarcerated, Defendant filed his second Motion for Compassionate Release. ECF No. 62. He did so, however, without exhausting his administrative rights. As earlier indicated, a defendant is eligible to seek compassionate release from a court only after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf *or* thirty days have elapsed since requesting that the warden of his facility initiate such action. 18 U.S.C. § 3582(c)(1)(A); *Alam*, 960 F.3d at 834 ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").

Here, Defendant attests that he has not filed a request for his second motion for compassionate release to the warden. ECF No. 62 at PageID #: 277. The Court denies Defendant's Motion (ECF No. 62) because he has not satisfied the mandatory statutory exhaustion requirement to seek compassionate release. *See Alam.* 960 F.3d at 832 ("[B]ecause this exhaustion requirement serves valuable purposes . . . and because it is mandatory . . ., we must enforce it[.]"); *United States v. Burress*, No. 3:14-CR-85-KAC-DCP-2, 2023 WL 4554525, at *2 (E.D. Tenn. July 15, 2013) (denying motion for compassionate release and ruling that even if defendant had properly administratively exhausted her claim, the motion would be denied on the merits based on a balancing of the 18 U.S.C. § 3553(a) sentencing factors).

Even if Defendant had satisfied the administrative exhaustion requirement, his motion fails on the merits. For the reasons below Defendant does not present extraordinary and compelling reasons for release and, if he had, the § 3553(a) factors counsel against another reduction in his sentence.

5

(5:20CR503)

Defendant is a 37-year-old man who began using drugs at a very young age. When he was sentenced at age 34, he had never been legitimately employed, having worked only odd jobs. When those odd jobs no longer provided financial support for his drug use, he began selling drugs. Now he claims the extraordinary and compelling reason of family circumstances as grounds for his release. He claims that (1) his father is incapacitated with numerous forms of cancers and is the sole provider for his brother, and (2) his brother has severe paranoia and schizophrenia and is also incapacitated. *See* Motion for Compassionate Release, ECF No. 62 at PageID #: 280. Defendant does not provide any supporting documents such as medical records or statements from his family, and only provides the address and contact information for his father and a family friend. ECF No. 62 at PageID #: 280.

Defendant has not presented extraordinary and compelling reasons for release. Even if Defendant's father and his brother are incapacitated and require a caregiver, Defendant has not shown that he is the only available caregiver for his father or his brother; or that he would be suitable to the task. Thus, Defendant has failed to show that the Court should reduce his sentence based on § 1B1.13, the applicable policy statement issued by the United States Sentencing Commission.

Additionally, even if the Court had found extraordinary and compelling reasons supported Defendant's motion, compassionate release would be denied based on a balancing of the § 3553(a) sentencing factors. When determining whether extraordinary and compelling reasons warrant a reduction in sentence, courts must consider all pertinent § 3553(a) factors and whether the inmate poses a danger to the community. *See United States v. Tomes*, 990 F.3d 500, 504 (6th Cir. 2021) ("[W]e can affirm a [district] court's denial of a defendant's compassionate

6

(5:20CR503)

release motion based on the [district] court's consideration of the § 3553(a) factors alone."), *cert. denied*, 142 S. Ct. 780 (2022); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."). As explained below, releasing Defendant would be the antithesis of protecting the public, providing adequate deterrence, promoting respect for the law, or providing just punishment for past misconduct.

1. Nature and Circumstances of the Offense Conduct

From May to July 2020, Defendant engaged in the distribution of controlled substances including methamphetamines and fentanyl, for a total converted weight of over 200 kilograms. "Drug trafficking is a serious offense that, in itself, poses a danger to the community. . . [and] often leads to violence." *United States v. Williams*, 113 F.4th 637, 659 (6th Cir. 2024) (citations omitted). Drug trafficking presents a danger to the health, well-being, and safety of others in the Northeast Ohio community.

2. History and Characteristics of Defendant

Defendant's history and characteristics also show compassionate release is not appropriate. As the Court noted at sentencing, Defendant has a long history of previous convictions which counted towards the calculation of his criminal history score. He was also under a criminal justice sentence for possession when he committed the offense that led to his current incarceration. Defendant's BOP records also indicate that during his previous term of home confinement, he was arrested and charged with possession of drug paraphernalia, tampering with evidence, and possession of drugs.

7

(5:20CR503)

           3.   Need for the Sentence Imposed

The remaining factors also weigh against granting Defendant's motion.  There is a substantial amount of time—approximately 177 days—remaining on Defendant's thoughtfully imposed sentence.  Early release from incarceration would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  The time Defendant has served so far is not sufficient to serve the purposes of sentencing.  Specifically, releasing Defendant at this time would fail to afford "adequate deterrence," both specific and general, for the distribution of controlled substances.  18 U.S.C. § 3553(a)(2)(B).  The Commission's policy statement on compassionate release motions, § 1B1.13, also requires the movant to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(a)(2); *see United States v. Draper*, No. 5:22-cr-386, 2024 WL 4591480, at *2 n.2 (E.D. Pa. Oct. 28, 2024) (denying motion for compassionate release).  Nothing offered by Defendant discourages the Court from believing that he remains a danger to "the safety of any other person and the community," as set forth in § 3142(g).

     Taken together, the sentencing factors and related guidance, counsel against granting Defendant an early release.  Defendant's asserted reasons for early release do not outweigh the significant risks a reduced sentence would pose.  *See United States v. Holder* No. 1:18-CR-0609, 2020 WL 4570524, at * 3 (N.D. Ohio Aug. 7, 2020) (Pearson, J.) (citing *United States v. Morales*, No. 3:19-CR-00121 (KAD), 2020 WL 2097630, at *3 (D. Conn. May 1, 2020) (concluding the defendant continued to pose a real danger to the community and that the risk of

(5:20CR503)

this danger outweighed the extraordinary and compelling reason for release created by his medical condition).

Having reviewed the entire record and weighed the pertinent sentencing factors as required, the Court concludes that the § 3553(a) factors weigh against compassionate release and sentence modification.

### IV. Conclusion

For the reasons above, Defendant's Motions for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (ECF Nos. 56 and 62) are denied.

IT IS SO ORDERED.

| | |
|---|---|
| March 13, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |